IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA**,** | : | CASE NO. 1:16-CR-260 |
| Plaintiff, | : : : | JUDGE CHRISTOPHER A. BOYKO |
| vs. | : : | |
| RUSSELL DAVIS, | : : | **DEFENDANT RUSSELL DAVIS'S** **TRIAL BRIEF** |
| Defendant. | : | |

Defendant Russell Davis, through counsel, respectfully submits this Trial Brief in compliance within the content requested in this Court's Trial Order (Doc. 14) and for this Court's use for trial, which is scheduled to commence January 16, 2018.

          Respectfully submitted,

          STEPHEN C. NEWMAN
          Federal Public Defender
          Ohio Bar:  0051928

          */s/Edward G. Bryan*_____
          EDWARD G. BRYAN
          Assistant Federal Public Defender
          Ohio Bar: 0055556
          1660 West Second Street, Suite 750
          Cleveland, Ohio 44113
          (216) 522-4856 Fax: (216) 522-4321
          Email: edward_bryan@fd.org

## BRIEF

**I.     Charges in the Indictment**

Russell Davis is charged with one count of knowingly and intentionally distributing a mixture or substance containing a detectable amount of fentanyl, a violation of 21 U.S.C. § 841. That count also includes an enhancement for death or serious bodily injury resulting from use of controlled substance under 21 U.S.C. § 841(b)(1)(C). Mr. Davis was also charged with one count of knowingly and intentionally distributing a mixture or substance containing a detectable amount of cocaine, a violation of 21 U.S.C. § 841.

**II.    Estimated Length of Trial**

Mr. Davis estimates this trial will take four days to complete. This estimate includes time for jury selection and deliberation.

**III.   Materials/Exhibits to Be Used in Electronic Courtroom**

- Phone records
- Maps of area
- Cell tower data

**IV.    Evidentiary Issues for Trial**

**A. But-For Causation**

In order to convict Mr. Davis under the death or serious injury enhancement, the government will have to prove but-for causation. Under *Burrage v. United States*, 134 S. Ct. 881, 892 (2014), the Supreme Court held that "at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury," a defendant cannot be liable under the penalty enhancement in § 841(b)(1)(c) "unless such use is a but-for cause of the death or injury." *Accord United States v. Volkman*, 797 F.3d 377, 392 (6th Cir. 2015). The enhancement is an element that must be submitted to the jury together with the alleged violation of § 841(a)(1). *Id.* at 887. Therefore, unless the government can prove beyond a

reasonable doubt that Mr. Davis sold drugs to the victim and that he would not have died but for those specific drugs being ingested, Mr. Davis cannot be convicted under § 841(b)(1)(C).

### B. Playing the 9-1-1 Call Is More Prejudicial than Probative.

This Court should not allow the government to play the 9-1-1 call placed by the mother of the deceased. The content of the call is highly emotional but adds little to nothing to prove the elements of Mr. Davis' charged offenses. Its admission would be more prejudicial that probative and should be excluded under Fed. R. Evid. 403(a).

Federal Rule of Evidence 403 permits exclusion of even relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Unfair prejudice "refers to evidence which tends to suggest [a] decision on an improper basis;" it does not mean the damage to the defendant's case from the entry of evidence, or to the prosecution's case from the exclusion of evidence. *United States v. Newsom*, 452 F.3d 593, 603 (6th Cir. 2006).

Here, admission of such emotionally charged evidence is likely to confuse or mislead the jury to make a determination of guilty on an improper basis. The jury would likely be moved by the difficult and sad content of the 9-1-1 call and be more inclined to convict Mr. Davis despite the burden of proof. Therefore, Mr. Davis respectfully submits that the call should be excluded.

### C. Outstanding Motions in Limine

Mr. Davis has two outstanding motions in limine. The first asks this Court to prohibit the government from introducing, referencing, or using evidence regarding the marijuana found during the search of 1832 Garden Ave., Lorain, Ohio during trial. (Doc. 22, MIL). Under Fed. R. Evid. 401, such evidence would be irrelevant. Mr. Davis' charges relate to distributing fentanyl and cocaine. Whether Mr. Davis possessed another controlled substance does not make it more or less probable that he

distributed fentanyl or possessed cocaine. *Compare United States v. Collins*, 799 F.3d 554, 578-80 (6th Cir. 2015) (affirming introduction of pseudoephedrine transactions in case relating to conspiracy to distribute methamphetamines, for which pseudoephedrine is a critical component).

Even if this Court determines the evidence is relevant, it should be excluded as more prejudicial than probative under Fed. R. Evid. 403. Here, introduction of evidence of marijuana alleged to have been found in Mr. Davis' residence would have a tendency to suggest to the jury Mr. Davis must be guilty of the charges because he possesses other drugs. Like a prior convictions, other drug possession creates a dangerous potential for unfair prejudice sounding in the idea of propensity. *See United States v. Jenkins*, 593 F.3d 480, 486 (6th Cir. 2010) (evidence of defendant's unrelated drug offense from years prior was more prejudicial than probative and was excluded). Moreover, there are alternative means of proof available to the government, including law enforcement's investigation into the overdose death.

The second Motion asks this Court to prohibit the government from introducing, using, or making reference to activity on Mr. Davis' phone that is unrelated to contacts with the victim or witnesses in this case. (Doc. 44, MIL Phone). Under Fed. R. Evid. 401, such evidence would be irrelevant, because the other phone records do not have a tendency to make a material fact more or less probable. Even if this Court determines the evidence is relevant, it should be excluded under Fed. R. Evid. 403. Mr. Davis' entire phone record could support an inference of other, unrelated drug activity. Additional, non-material phone records would be lengthy and distract the jury from the central factual questions of this case, confusing the issues before them. Evidence should be excluded under 403 when it "tends to suggest a decision on an improper basis." *United States v. Schrock*, 855 F.2d 327, 335 (6th Cir. 1988).

                                      Respectfully submitted,

                                      STEPHEN C. NEWMAN
                                      Federal Public Defender
                                      Ohio Bar: 0051928

                                               */s/Edward G. Bryan*
                                               EDWARD G. BRYAN
                                               Assistant Federal Public Defender
                                               Ohio Bar: 0055556
                                               1660 West Second Street, Suite 750
                                               Cleveland, Ohio 44113
                                               (216) 522-4856; Fax: (216) 522-4321
                                               Email: edward_bryan@fd.org

                                               Counsel for Russell Davis

CERTIFICATE OF SERVICE

    I hereby certify that on this January 5, 2018, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

                                                     */s/Edward G. Bryan*_____
                                                     EDWARD G. BRYAN
                                                     Assistant Federal Public Defender