# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | CASE NO. 1:16CR260 |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| RUSSELL DAVIS, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court upon the Motion (ECF DKT #110) of Defendant Russell Davis for a New Trial, requesting that the Court grant a new trial to Defendant based on perceived inadequacies with the jury charge. For the following reasons, the Court **DENIES** Defendant's Motion in its entirety.

## I. BACKGROUND FACTS

On August 17, 2016, the United States indicted Defendant on one count of Distribution of Fentanyl with Enhanced Penalty due to Death of Individual under 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) ("Count I") and one count of Possession with Intent to Distribute Cocaine under 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) ("Count II"). On April 24, 2018, Defendant pled guilty to Count II. Trial commenced on Count I on the same day. On May 4, 2018, a jury found

Defendant guilty of Count I, including the enhanced penalty due to death under § 841(b)(1)(C).

On October 31, 2018, Defendant filed a Motion for New Trial under Federal Rule of Criminal Procedure 33. Defendant claims that the Court made two errors with the jury charge. Specifically, (1) that it was plain error for the Court to decline to provide a proximate cause jury instruction; and (2) it was error to allow "on or about" language to remain in the jury instructions and not provide clarification following the jury's question concerning that language.

The Government responds, arguing that (1) proximate cause is not required to find a defendant guilty for a death "resulting from" drug trafficking under § 841(b)(1)(C); and (2) the Court's "on or about" inclusion and supplemental instruction were not erroneous and even if they were, the errors were harmless.

The Court granted Defendant the opportunity to file a reply brief. On December 28, 2018, Defendant filed his reply.

## II. LAW AND ANALYSIS

**Standard of Review**

Upon a defendant's motion, a court may vacate any judgment and grant a new trial "if the interest of justice so requires." FED. R. CRIM. P. 33(a). While courts have had trouble defining the interest of justice, "it is widely agreed [to exist] where substantial legal error has occurred." *United States v. Munoz*, 605 F.3d 359, 373 (6th Cir. 2010) (citing *United States v. Wall*, 389 F.3d 457, 474 (5th Cir. 2004)). Motions for new trial are strongly "disfavored and should be granted [only] with caution," *United States v. Willis*, 257 F.3d 636, 645 (6th Cir. 2001), so the defendant bears a high burden to "do more than raise a 'serious suspicion' in order to demonstrate that he is entitled to a new trial." *United States v. Wheaton*, 517 F.3d 350, 362 (6th Cir. 2008). In

evaluating whether to grant a new trial under Rule 33, the Court has broad discretion. *United States v. Lawrence*, 555 F.3d 254, 261 (6th Cir. 2009).

**Proximate Cause**

Although he admits that he did not object to the lack of proximate cause instruction in the jury charge, Defendant contends it was error for this Court not to include the instruction. Where a defendant fails to object to the jury instruction at trial, courts review for plain error only. *United States v. Sanderson*, 966 F.2d 184, 187 (6th Cir. 1992). "Plain error requires a finding that, taken as a whole, the jury instructions were so clearly erroneous as to likely produce a grave miscarriage of justice." *United States v. LaVictor*, 848 F.3d 428, 454 (6th Cir. 2017) (citing *United States v. Newcomb*, 452 F.3d 593, 605 (6th Cir. 2006)).

Under the plain error test, there must be (1) an "error," (2) that is "plain," and (3) that "affect[s] substantial rights." *Johnson v. United States*, 520 U.S. 461, 467 (1997) (citing *United States v. Olano*, 507 U.S. 725, 732 (1993)). If all three conditions are met, a court must then consider whether to exercise its discretionary power under Rule 52(b) and decide whether the plain error affecting substantial rights also seriously affected the fairness, integrity, or public reputation of judicial proceedings. *Id.* (citations omitted). At a minimum, an error cannot be plain "unless the error is clear under current law." *Olano*, 507 U.S. at 734.

Here, it was not plain error for the Court to omit a proximate cause instruction. Section 841(a) makes it a crime to knowingly or intentionally distribute a controlled substance. 21 U.S.C. § 841(a)(1). If "death...results from the use of such substance," the minimum term of imprisonment is increased to twenty years. *Id.* at (b)(1)(C). While the statute does not define "death results," the Supreme Court in *Burrage v. United States*, 571 U.S. 204 (2014) determined

that it requires actual causality, i.e., "but-for" causation. *Id.* at 218-19. The parties do not dispute this.

Rather, Defendant believes § 841(b)(1)(C) also requires a finding of proximate causation. The Court in *Burrage* specifically declined to address the issue of proximate cause. *Burrage*, 571 U.S. at 210. While the issue has not been squarely addressed by the Sixth Circuit, it is not a novel legal issue. Each federal appellate court that has analyzed the matter has determined that § 841(b)(1)(C) does not require proximate causation. *See United States v. Harden*, 893 F.3d 434, 449 (7th Cir. 2018); *United States v. Burkholder*, 816 F.3d 607, 618 (10th Cir. 2016); *United States v. Alvarado*, 816 F.3d 242, 250 (4th Cir. 2016); *United States v. Webb*, 655 F.3d 1238, 1250 (11th Cir. 2011); *United States v. De La Cruz*, 514 F.3d 121, 137 (1st Cir. 2008); *United States v. Houston*, 406 F.3d 1121, 1124-25 (9th Cir. 2005); *United States v. Carbajal*, 290 F.3d 277, 284 (5th Cir. 2002); *United States v. McIntosh*, 236 F.3d 968, 972 (8th Cir. 2001), *abrogated on other grounds by Burrage*, 134 S.Ct. 881; *United States v. Robinson*, 167 F.3d 824, 832 (3d Cir. 1999).[1]

Despite the plethora of case law to the contrary, Defendant relies primarily on two cases to support his argument that § 841(b)(1)(C) requires a finding of proximate cause - *United States v. Jeffries*, Case No.: 5:16-cr-180 (N.D. Ohio Oct. 1, 2018)[2] and *United States v. Martinez*, 588

---

[1] Defendant's attempt to distinguish the case law as outdated in light of *Burrage* is not persuasive. Further, three circuit courts post-*Burrage* all held that proximate cause was not required. And Defendant's assertion that *Harden* did not contain analysis regarding the necessity of a proximate cause instruction is incorrect. *Harden*, 893 F.3d at 449 ("In sum, the 'death results' enhancement in § 841(b) does not require proof that the death was reasonably foreseeable").

[2] This decision is currently on appeal before the Sixth Circuit.

F.3d 301, 318 (6th Cir. 2009). In *Jeffries*, the defendant requested that the court instruct the jury on proximate cause. The court did not provide the requested instruction. Jeffries moved for a new trial based on the court's legal error to fail to include a proximate cause instruction. In granting the defendant's motion for new trial, the court determined that the phrase "results from" was broad enough, on its face, to encompass both but-for and proximate causation. *Jeffries*, at *10. Finding the statute ambiguous and subjecting it to the rule of lenity, the court in *Jeffries* determined that it was not clear enough that Congress intended to depart from traditional views of causation - which is a hybrid-concept that encompasses both but-for and proximate causation. *Jeffries*, at *16; *see also Burrage*, 571 U.S. at 210.

Here, Defendant's reliance on *Jeffries* is misplaced. Defendant did not request a proximate cause instruction like the defendant in *Jeffries*. Defendant has waived this argument and the Court reviews for plain error as opposed to review for failure to give a jury instruction. *See LaVictor*, 848 F.3d at 454 ("A refusal to give requested instructions is reversible error only if (1) the instructions are correct statements of the law; (2) the instructions are not substantially covered by other delivered charges; and (3) the failure to give the instruction impairs the defendant's theory of the case"). With the proper standard of review in mind, it was not plain error to not include a proximate cause instruction. Each appellate court to consider the issue, including the appellate courts after *Burrage*, determined that § 841(b)(1)(C) does not require proximate cause. The current law on § 841(b)(1)(C) is clear and the Court's jury instructions aligned with the current understanding of the law.

Furthermore, the decision in *Martinez* is based on an entirely different statutory scheme.[3]

---

[3] Similar to Defendant, the court in *Jeffries* relied heavily on *Martinez*.

In determining that proximate cause was required before a finding of guilt, *Martinez* analyzed 18 U.S.C. § 1347(a), which penalizes those who attempt to defraud any health care benefit program or unlawfully obtain money from a health care benefit program. 18 U.S.C. § 1347(a)(1)-(2). Importantly, "if the violation results in death," such punishment is enhanced. *Id.* Clearly then, § 1347(a) is written in the active voice and links *an offender's* conduct to the death. Section 841(b)(1)(C) however, is written in the passive voice and links *the victim's* use of the controlled substance to the death. *See Webb*, 655 F.3d at 1257 ("We recognize that the cause-in-fact connection in § 841(b)(1)(C) is between the use of the controlled substance and the death, and in § 1347(a), between the defendant's conduct and the death"); *see also Houston*, 406 F.3d at 1124 (Section 841(b)(1)(C)'s 'if death results' "passive language unambiguously eliminates any statutory requirement that the death have been foreseeable"). Section 841(b)(1)(C) removes the defendant's conduct and instead requires that the controlled substance that defendant provided be a "but-for" cause of the victim's death. The two statutes are therefore not analogous and *Martinez* is not controlling on the issue of proximate cause under § 841(b)(1)(C).

While *Jeffries* and *Martinez* may raise interesting arguments, at best all they do is muddy the waters. The Court of Appeals' decisions cited above however, make clear that the current understanding of § 841(b)(1)(C) does not require proximate cause. Since the Court instructed the jury based on the current state of the law, *see Olano*, 507 U.S. at 734, its decision to not include a proximate cause instruction was not plain error.

**"On or About" Jury Charge**

Defendant claims that the Court agreed not to include the Sixth Circuit Pattern Criminal

Jury Instruction 2.04 regarding "On or About."[4] That Pattern Instruction reads:

> Next, I want to say a word about the date mentioned in the indictment.
>
> The indictment charges that the crime happened "on or about" _____. The government does not have to prove that the crime happened on that exact day. But the government must prove that the crime happened reasonably close to that date.

The Court did not include this pattern instruction in its charge to the jury. (ECF DKT #106). However, the phrase "on or about" was included elsewhere in the charge on three separate occasions. After charging the jury, the Court asked the parties for any objections. Defendant did not object to the jury charge. (ECF DKT #106, PageID #2178). Despite this fact, Defendant now takes issue with one of the uses of "on or about." The objectionable use is emphasized below, but the entire instruction is provided for context:

> Count 1 of the indictment further alleges that death resulted from Defendant's distribution of fentanyl. The allegations of Count 1 are hereby re-alleged and incorporated by reference herein.
>
> It is further alleged that on or about March 7, 2016, in Lorain, Ohio, [JCW] did fatally ingest and overdose on a controlled substance; namely, fentanyl, which had been distributed by Russell Davis.
>
> For this enhanced penalty to apply, the Government must prove the additional element that the Defendant's conduct caused the death. In order to establish that the drugs distributed by the Defendant resulted in the death of JCW, the Government must prove that JCW died as a consequence of his use of the drugs, that the Defendant distributed ***on or about*** the date alleged in the indictment.
>
> This means that the Government must prove beyond a reasonable doubt that but for the use of the drugs that the Defendant provided, JCW would not have died.

---

[4] This pattern instruction was included in the parties Joint Proposed Jury Instructions, submitted to the Court on December 29, 2017. (ECF DKT #45, PageID #212). Defendant's request that the Court omit this language is not contained in the record.

> "But for" causation exists where the use or use of the controlled substance combines with other factors to produce death and death would not have occurred without the incremental effect of the controlled substance.
>
> The Government is not required to prove that the Defendant intended to cause the death of JCW or that his death was foreseeable by the Defendant or others.

(ECF DKT #106, PageID #2170-71) (emphasis added).

Upon deliberations, the jury returned the following question:

> Charge 1 alleges that Red distributed drugs 'on or about March 7th.' What is the time frame of 'on or about?'

To which the Court responded:

> Ladies and gentlemen of the jury, I have received your second question and have shared it with counsel. The Court has decided on the following response:
>
> 'On or about' must be viewed and framed in light of all the evidence the jury must reasonably consider in reaching a verdict on Count 1 and, if applicable, the death enhancement.

(ECF DKT #98, PageID #930).

Defense counsel objected to the supplemental instruction the Court gave to the jury's question. Instead, counsel wanted the Court to instruct "that the evidence presented was that the transaction involved occurred on March 7 at 12:34 a.m." (*Id.* at PageID #931).

Before the verdict, Defendant orally moved for a mistrial based on the "on or about" language in the charge. (ECF DKT #99, PageID #942-51). The Court denied the motion. (*Id.* at PageID #956).

"The propriety of an 'on or about' jury instruction should be evaluated on a case by case basis, subject to a harmless error analysis." *United States v. Neuroth*, 809 F.2d 339, 342 (6th Cir. 1987), *cert denied* 482 U.S. 916 (1987). An error, not of constitutional dimension, is

-8-

harmless unless it is more probable than not that the error materially affected the verdict. *Id.*, citing *United States v. Rasheed*, 663 F.2d 843, 850 (9th Cir. 1981).

Here, the Court did not give the form "on or about" jury instruction. The Court carefully considered the issue and agreed with Defendant on the matter. Nonetheless, "on or about" language remained in the body of the charge. The usage of the phrase however, was merely the result of reading the charge as the parties jointly submitted. Furthermore, the Court provided Defendant the opportunity to object to the charge. Defendant did not object. Thus, even if the inclusion of the parties language of "on or about" three separate times in the jury charge constituted error, the error was not only waived because Defendant failed to object to it, but it was also harmless.

It then appeared that the jury needed clarification concerning the "on or about" time frame. A supplemental jury instruction is one that goes beyond reciting what has previously been given. *United States v. Nunez*, 889 F.2d 1564, 1568 (6th Cir. 1989). A trial court has a "duty to clear up uncertainties which the jury brings to the court's attention." *Id.* (citing *United States v. Giacalone*, 588 F.2d 1158, 1166 (6th Cir. 1978)). The propriety of a supplemental instruction is measured "by whether it fairly responds to the jury's inquiry without creating...prejudice." *Id.* When the jury submits a factual question, instructing the jury to rely on its own recollection of the testimony is proper and "carefully preserves the province of the jury while minimizing any prejudice to the defense or prosecution." *United States v. McClendon*, 362 Fed. App'x 475, *8 (6th Cir. 2010) (citing *United States v. Blanks*, 1992 WL 120205, at *2 (6th Cir. June 2, 1992)); *Ramonez v. Berghuis*, 490 F.3d 482, 489 n. 7 (6th Cir. 2007).

The Court's supplemental instruction properly "preserve[d] the province of the jury while minimizing any prejudice" to the parties. The jury submitted a factual question about the time frame of the drug transaction. If the Court would have provided Defendant's requested response, the Court would have improperly inserted itself into the jury room. Instead, the Court refocused the jury on the evidence. By doing so, the Court minimized any prejudice to either party.

Furthermore, Defendant's reliance on *United States v. Ewing*, — Fed. App'x —, 2018 WL 4191102 (6th Cir. Aug. 31, 2018) is misplaced. *Ewing* does not stand for a "temporal" requirement as Defendant asserts. The issue in *Ewing* was one of causation. Ewing was found guilty of distributing a substance that contained both heroin and fentanyl. *Id.* at *9. The overdose victim's blood however, which indicates recent use, demonstrated fentanyl and a mix of other drugs - but no heroin. *Id.* at 10. Thus the Sixth Circuit held that the Government did not prove beyond a reasonable doubt that the drug Ewing distributed - a mix of heroin and fentanyl - caused the victim's overdose. *Id.* at 10-11.

The matter before the Court is not a mixed-substance overdose. The victim only had a high level of fentanyl in his blood. The question was not what drug caused the overdose but rather who supplied the drug. Both parties argued that the fatal transaction occurred approximately on March 7, 2016 at 12:43 a.m. By refocusing the jury on those arguments and the evidence before it, the Court in no way provided the jury the opportunity to find that Defendant's past sale of fentanyl caused the death of JCW on March 7, 2016. To believe otherwise is pure speculation and an inappropriate basis for granting Defendant a new trial.

The Court's supplemental instruction was appropriate as it did not undermine the fairness of the trial. Accordingly, Defendant is not entitled to a new trial on this basis.

## III. CONCLUSION

The Constitution of the United States guarantees Defendant a fair trial, not a perfect trial. *United States v. Hasting*, 461 U.S. 499, 508-509 (1983). Because the perceived errors were harmless and the interest of justice do not require a new trial in this instance, Defendant's Motion is **DENIED** in its entirety.

**IT IS SO ORDERED.**

 **s/ Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: January 11, 2019**